# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1156
_____

Robert Thomas

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: October 5, 2017
Filed: October 11, 2017
[Unpublished]
_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Robert Thomas appeals the district court's[1] order upholding the denial of his application for social security disability insurance benefits (DIB). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Matt Jeffrey Whitworth, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Thomas challenges the conclusion that one of his medically determinable impairments—depression—was not severe. Substantial evidence on the record as a whole supports the administrative law judge's finding that Thomas's depression did not significantly limit his ability to do basic work activities. *See*, *e.g.*, *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (five-step analysis for determining whether claimant is disabled; de novo review of district court decision; deference to administrative findings; definition of "severe").

Thomas worked for decades and did not seek treatment until several months after he applied for DIB. The record does not support his explanation that his symptoms significantly worsened recently. *Cf. Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (inferring impairment was not disabling from history of work and absence of evidence of material deterioration). The notes from Thomas's six months of therapy contain no observations of symptoms that would interfere with basic work activities. The limitations Thomas identifies in his account of his day-to-day activities do not prove his depression has more than a minimal impact on his ability to work. There is no indication in the record that Thomas's symptoms interfered with or stopped him from engaging in the activities that triggered them, and he did not characterize them as disabling when he applied for DIB or when he testified about his impairments before the ALJ. *Cf. Kirby*, 500 F.3d at 708-09 (upholding finding that mental impairments were not severe based in part on doctor's opinion that "while [the claimant] may have suffered from depression, his calculation, recall, comprehension, repetition, judgment, and behavior were normal" (quotation omitted)); *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) ("The fact that [a claimant] did not allege depression in her application for disability benefits is significant, even if the evidence of depression was later developed.").

The ALJ was not required to give more weight to the medical-source statement filed by the nurse practitioner who prescribed Thomas's medication than to the opinion of the doctor who performed Thomas's agency-ordered examination. The few minor deficiencies the nurse practitioner recorded in her notes did not support the

significant limitations she later indicated in her statement. The ALJ was justified in citing the tension between the low "global assessment of functioning" (GAF) score Thomas received from a social worker and the social worker's qualitative observation that Thomas functioned at a relatively high level as a reason to discount the score. *See Nowling v. Colvin*, 813 F.3d 1110, 1123 (8th Cir. 2016) ("GAF scores are of little value.").

This court finds it unnecessary to review the ALJ's determination that Thomas was not entirely credible, because Thomas's hearing testimony and the ALJ's references to his credibility focused on Thomas's alleged physical impairments, which are not at issue in this appeal.

The judgment is affirmed.

_____